IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CHRISTINE CRESS,                )
                                   )
        Plaintiff,              )    TC-MD 110347C
                                   )
        v.                     )
                                   )
MULTNOMAH COUNTY ASSESSOR,   )
                                   )
        Defendant.       )    **DECISION**

      This matter is before the court on Defendant's Motion to Dismiss Claims Relating to the

2007/08 Tax Year, and Motion to Adjust 2010/11 RMV (Motion).  Defendant filed that Motion

November 8, 2011, in response to Plaintiff's filing of an Amended Complaint (per the court's

instruction to Plaintiff) on November 1, 2011, seeking "correction and reduction of certain

property tax assessments" under ORS 305.288 for tax years 2007-08 and 2010-11.  (Ptf's

Amended Compl at 1.)

      The appeal involves property value assessments for tax years 2007-08 and 2010-11,

related to certain residential property identified in the assessor's records as Account R220994,

and the taxes related thereto.  Plaintiff is represented by Beth Allen, an Oregon attorney and co-

owner of the subject property.[1]  Defendant is represented by Scarlet Weigle and Ron Patton,

appraisers with the Multnomah County Assessor's office.

1.    *Tax year 2010-11*

      As to one of those tax years (2010-11), the parties are in agreement that the real market

value (RMV) should be reduced to $582,000.  (Ptf's Amended Compl at 8; Def's Motion at 2.)

The court accepts that stipulated value.  The appeal for that tax year is therefore moot and can be

dismissed.

---

      [1] Page one of the original Complaint indicates that Plaintiff Cress purchased the property in August 2006
and that "Beth A. Allen ('Allen') later also became an owner of the property."  (Ptf's Compl at 1, filed April 11,
2011.)

2.    *Tax year 2007-08*

The other tax year at issue is 2007-08.  Plaintiff asserts jurisdiction under ORS 305.288[2] and estoppel.  For the reasons set forth below, the court does not have jurisdiction to hear a request for any adjustments to the value of the subject property for that tax year.

The salient facts pled by Plaintiff regarding jurisdiction and estoppel are as follows. Plaintiff purchased the subject property on or about August 30, 2006 for $740,000.  (Ptf's Amended Compl at 1.)  That purchase was made in the second month of the 2006-07 tax year, which began on July 1, 2006.  *See* ORS 308.007 (2005).  Plaintiff received a Real Property Tax Statement for the 2006-07 tax year on or about October 2006.  The values appearing on that tax statement for the 2006-07 tax year were $463,610 RMV and $345,940 assessed value (AV). (Ptf's Tax Yr 2007-08 Real Property Tax Statement, filed May 6, 2011.)  Plaintiff did not challenge those values by filing any petitions or complaints, etc., with any of the relevant adjudicative authorities.

There was a significant increase in the values of the property for the 2007-08 tax year. The RMV was increased from $463,610 to $739,300.  (*Id*.)  The AV was increased from $345,940 to $406,940.  (*Id*.)  That increase in AV exceeds the typical three percent annual AV increases provided in ORS 308.146.

Plaintiff at some point filed a petition with the county board of property tax appeals (Board), seeking value reductions for the 2007-08 tax year.  (Ptf's Response to Motion to Dismiss at 1.)  It appears that that petition was filed on or after January 2008, because Plaintiff indicates in the Amended Complaint that she contacted the assessor's office about the value increase in October 2007, and then again after talking to her accountant in January 2008.  (Ptf's Amended Compl at 4.)  The Board refused to make any value adjustments.[3]  Plaintiff does not

_____

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.
[3] That assertion appears in Plaintiff's original Complaint where Plaintiff indicates that "her appeal was rejected [by BOPTA] without comment as to reasoning."  (Ptf's Compl at 7.)

assert, nor is there any indication, that Plaintiff challenged the Board's determination by filing an appeal with this court, or otherwise pursuing the matter with a competent body with jurisdiction over property assessment and taxation.

a. ORS 305.288

Turning first to Plaintiff's claim for relief under ORS 305.288, the court's broadest authority under either subsection (1) or (3) is the "current" tax year and either, or both, of the two immediately preceding tax years. This appeal was originally filed in April 2011, which was during the 2010-11 tax year. Accordingly, the two immediately preceding tax years were 2009-10 and 2008-09. The 2007-08 tax year is beyond that three-year statutory window. Accordingly, the court lacks jurisdiction to consider the matter under ORS 305.288.

b. Estoppel

This court has previously outlined the requirements for estoppel in Tax Court cases as follows:

"Under normal circumstances, equitable estoppel requires each of the following:
    "(1) A 'false representation;'
    "(2) Made by a party with knowledge of the facts;
    "(3) To a party that is ignorant of the truth;
    "(4) 'With the intention that it should be acted upon' by the listener; and
    "(5) Inducement of the listener to act on the statement.
"However, additional limits on equitable estoppel apply in tax cases. Thus, in addition to the factors laid out above, to merit estoppel * * * taxpayer must also show the following:
    "(1) 'Proof positive' that the [County] misinformed taxpayer regarding [her MAV question];
    "(2) That taxpayer had 'a particularly valid reason for relying on the misinformation;' and
    "(3) 'That it would be inequitable to a high degree' to require taxpayer to meet his actual tax liability."

*Downer v. Dept. of Rev.*, TC No 4952, WL 2037643 at *5 (May 2011) (citations omitted). As applicable to this case, Plaintiff must show "proof positive" of a "false representation" regarding Plaintiff's tax year 2007-08 MAV increase, and Plaintiff's "particularly valid reason for relying on the misinformation."

According to the documents filed by Plaintiff, she purchased the property in August 2006. A flyer posted on the property in July 2006, the month before Plaintiff's purchase, "stated that there had been '[quality updates throughout, from kitchen to baths to hardwoods and Devine paint.' " (Ptf's Amended Compl at 1-2.) The flyer also mentioned a fully remodeled kitchen. (*Id*. at 2.)

Plaintiff alleges she contacted the assessor's office in October 2007 to inquire about the substantial increase in taxes. (*Id*. at 4.) Plaintiff indicates that, in response to her call, she was told "that there were permits for $100,000 worth of work in 2006, 'so there is nothing you can do about it.' " (*Id*.) Plaintiff asserts in her Response that during that October 2007 telephone call, "[s]he was told by the authorized tax officer that there were 'permits' for $98,140 worth of work in 2006." (Ptf's Resp at 3.) Plaintiff then asserts that she "reasonably believed it meant that the Assessor had evidence that homeowners had taken out permits for and completed $98,140 in construction work " and that "[i]f there was a $98,140 worth of work completed there is nothing you can do about it." (*Id*. at 4.) Finally, Plaintiff states, both in her Amended Complaint and again in her Response, that the statements made to her by tax assessment authorities in October 2007 "seemed odd since nothing in the house looked new except the interior paint." (Ptf's Amended Compl at 4; *see* Ptf's Resp at 4.)

Plaintiff goes on to indicate that in January 2008, her tax accountant questioned the property tax increase, asking if she had done any major construction. (Ptf's Amended Compl at 4.) When Plaintiff explained to the accountant her earlier conversation with the employee at the tax assessor's office and the fact that she had not done any work to the home, the accountant encouraged Plaintiff to call the assessor's office again and explain the situation. (*Id.*) Plaintiff indicates that she did in fact contact the assessor's office again later that month. (*Id.*) During that conversation, Plaintiff alleges that she was told there was nothing she could do about the

///

MAV because it was "statutory," but that she was nonetheless advised that "it might be worth appealing the FMV just in case the MAV ever got higher." (*Id*. at 5.)

Plaintiff is represented by an attorney. The attorney is a co-owner of the home that is the subject of this appeal. Plaintiff acknowledges that the information she received from the local tax authorities seemed "odd" because they were indicating that the large increase in value was due to a considerable amount of work done to the home in 2006 when Plaintiff was certain there was no work done since 2003. Moreover, among the instructions given to Plaintiff was a statement by an employee of the assessor's office in January 2008 that "it might be worth appealing." While it was too late at that point to file a petition with the Board, Plaintiff could have pursued the matter with the Tax Court. Although some of the tax jargon related to property tax assessment involving any property, particularly property that has been remodeled (exception value, MAV, etc.), can be a bit confusing, an appeal to the Tax Court in 2008 would have given this court jurisdiction and afforded Plaintiff an opportunity to question the various changes made by the Defendant regarding the value of her home and the increase in 2007. That may have resulted in value reductions.

The court understands that while property tax statements may not include information on appealing MAV – as Plaintiff notes throughout her filings with this court – the definitions are available in the statutes. If Plaintiff was truly concerned, she and her co-owner could have gone into the assessor's office and spoken with someone in person about the history of the property's remodeling, her August 2006 purchase, and the increase in property values and taxes in 2007. Such a visit would likely have been very informative and may well have led to a more timely appeal and, possibly a reduction in values.

On the information before it, the court is unable to conclude that Plaintiff has established the elements of estoppel sufficient to preclude Defendant from succeeding in its motion to dismiss for lack of jurisdiction over the 2007-08 tax year. And, as indicated above, Plaintiff's

appeal was filed outside the three-year window provided in ORS 305.288; therefore, the court lacks jurisdiction under that statute. Now, therefore,

IT IS THE DECISION OF THIS COURT that the real market value for the subject property, identified as Account R220994, was $582,000 as of January 1, 2010 for the 2010-11 tax year.

IT IS FURTHER DECIDED that Plaintiff's appeal for the 2007-08 tax year is dismissed for lack of jurisdiction as explained more fully above.

Dated this ____ day of December 2011.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on December 16, 2011. The Court filed and entered this document on December 16, 2011.*